**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| **JUSTIN WARRING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.** |
| | ) | |
| **GREAT PLAINS SOCIETY FOR** | ) | |
| **THE PREVENTION OF CRUELTY** | ) | |
| **TO ANIMALS  (d/b/a)** | ) | |
| **GREAT PLAINS SPCA,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **WENDY BLAIR,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **EMILY WALLACE,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DANIELLE HUSTED,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

COMES NOW, Plaintiff Justin Warring, by and through counsel of record, and for his complaint states as follows:

**INTRODUCTION**

Plaintiff, a man, worked for Defendant Great Plains Society For The Prevention of Cruelty To Animals  (d/b/a) Great Plains SPCA ("Great Plains SPCA").  Allegations were spread throughout the organization that Plaintiff was and is a misogynist.  After an allegation was made against Plaintiff regarding misogynistic comments, Plaintiff was fired thereafter.

1

**PARTIES, JURISDICTION, AND VENUE**

1.  Plaintiff is a Missouri resident.

2.  Great Plains SPCA is an animal rescue and rehabilitation facility at 5424 Antioch Drive, Merriam, KS 66202.

3.  Defendant Wendy Blair ("Blair") was the human resources representative responsible at the time of the incident.  Defendant Blair lacked a formal human resources background or training throughout the relevant portions of the incident.

4.  Defendant Emily Wallace ("Wallace") was Plaintiff's direct supervisor.

5.  Defendant Danielle Husted ("Husted") was the CFO for Great Plains SPCA and was present at the relevant events.

6.  The Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, in that claims asserted herein arise under the laws of the United States.

7.  This Court has supplemental jurisdiction as provided by 28 U.S.C. §1367(a) over Plaintiff's claims under Kansas law because such claims are so related to the federal law claims that they form part of the same case or controversy.

8.  This Court may exercise personal jurisdiction over Plaintiff and Defendants, as all had sufficient minimum contacts with the State of Kansas in connection with the events set forth herein.

9.  Venue is proper in this Court under 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district and all Defendants are subject to the Court's personal jurisdiction with respect to this action.

**FACTUAL ALLEGATIONS**

10.    Plaintiff held a position as a manager at Great Plains SPCA.

11.    In his capacity as a manager, Plaintiff had a supervisory role overseeing training.

12.    Relevant to this Complaint is the demographic makeup of Great Plains SPCA.

13.    At the time, Plaintiff was one of seven male employees out of seventy-three female employees.  The total number of employees at the time was eighty.

14.    On Saturday, August 2, 2025, Plaintiff delivered a Performance Improvement Plan ("PIP") to a subordinate employee.

15.    The employee did not respond favorably to the PIP.

16.    Five days later, on Thursday, August 7, 2025, the Plaintiff was called into a meeting with Blair, Wallace, and Husted.

17.    At the meeting, Blair, Wallace, and Husted made the unsubstantiated claim that Plaintiff was and is misogynistic towards women.

18.    After the allegations of misogyny were presented to Plaintiff, Plaintiff was asked to go home.

19.    Later that day, Plaintiff received a phone call providing him notice of termination effective immediately.

20.    Defendants did not conduct a formal investigation despite the serious nature of the allegations.

21.    Plaintiff was dismissed without proper investigation or due process.

22.    When Plaintiff requested proof, dates, or times regarding the allegations, Wallace stated that as an at-will employer, Defendants did not owe him proof or an explanation, and then hung up the phone.

23.     The rapid turnaround from allegation to termination shows that any explanation is merely pretextual and shows that Plaintiff was fired primarily because of his sex.

24.     The Plaintiff suffered immediate termination from employment and reputational damage from being labeled as misogynistic.  He experienced a loss of income and benefits, along with potential negative impacts on future employment opportunities.

25.     Plaintiff filed a charge of discrimination with the EEOC.  The EEOC terminated its processing of the charge and issued Plaintiff a notice of right to sue on January 6, 2026.

## COUNT I – UNLAWFUL TERMINATION OF EMPLOYMENT BASED ON SEX
### (Title VII of the Civil Rights Act of 1964)

26.     As a predominantly female organization, Plaintiff faced discrimination due to being a male.

27.     Plaintiff was well-qualified for the position and effectively completed the tasks required of a manager at Great Plains SPCA.

28.     Statements made by Plaintiff's supervisor on the phone establish a *prima facie* case of discrimination, given that no investigation was conducted.

29.     Plaintiff's sex was used along with unsubstantiated claims regarding his alleged characterizations of women, which Plaintiff denies ever stating.

30.     The almost-immediate firing was based on sex rather than the pretextual misogyny allegation.

31. The nature of the allegations, being sex-based, further shows that Plaintiff was fired for an unlawful reason.

32. There is a permissible and rational inference of discrimination.

33. Plaintiff suffered less favorable treatment compared to other female employees.

34. Plaintiff has suffered adverse employment consequences from the events.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants for damages in excess of the jurisdictional minimum of this Court plus interest, costs, attorneys' fees, and for any such further relief the Court may deem appropriate for the count of unlawful termination.

## COUNT II – DEFAMATION

35. Defendants made statements that Plaintiff was and is misogynistic.

36. Such statements were false when made by Defendants.

37. Disparaging statements were made about Plaintiff regarding the reason for his termination beyond the extent to which qualified privilege for employee communications applies.

38. Plaintiff's reputation has been harmed by the statements made by Defendants.

39. Defendants acted either negligently or with actual malice.

40. The overall process represents an act of malice against Plaintiff based on his sex.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants for damages in excess of the jurisdictional minimum of this Court plus interest, costs, attorneys' fees, and for any such further relief the Court may deem appropriate for the count of defamation.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues in the above-entitled matter so triable.


Dated:  March 13, 2026

Respectfully Submitted,

**THE NICOL LAW FIRM**
By:  */s/ Jonathon D. Nicol*
Jonathon D. Nicol (KS #26588)
420 Nichols Road, 2nd Floor
Kansas City, MO 64112
(816) 514-1178 telephone
(816) 327-2752 facsimile
jdn@nicolfirm.com

**ATTORNEYS FOR PLAINTIFF**

6